STAYED (JS-6)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PAUL RIVAS, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> CALIFORNIA HIGHWAY PATROL; J. TAUFA; J. TRAUGHBER; G. KOMODA; D. MCCARTHY; and DOES 1-100, inclusive, <br><br> Defendants. | CASE NO. CV 15-03001 MMM (MRWx) <br><br> ORDER GRANTING DEFENDANTS' MOTION TO STAY UNDER *YOUNGER v. HARRIS*; DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT |

On March 19, 2015, David Rivas filed this action in Los Angeles Superior Court against the California Highway Patrol ("CHP"), Officer J. Taufa, Officer J. Traughber, Officer G. Komoda, Officer D. McCarthy, and certain fictitious defendants (collectively, "defendants").[1] Defendants timely removed the action on April 22, 2015, invoking the court's subject matter jurisdiction under 28 U.S.C. § 1331.[2]

On April 29, 2015, defendants filed a motion to stay the case pending resolution of a related criminal case in state court.[3] On June 3, 2015, defendants filed a motion to dismiss Rivas's

---

[1] Notice of Removal ("Removal"), Docket No. 1 (Apr. 22, 2015), Exh. 1 ("Complaint") at 1.

[2] Removal at 1.

[3] Notice of Motion and Motion to Stay Case Pending Criminal Case ("MTS"), Docket No. 12 (Apr. 29, 2015).

1  complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[4]
2  Rivas does not oppose defendants' motion to stay,[5] but does oppose the motion to dismiss.[6] Pursuant
3  to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the court finds this matter
4  appropriate for decision without oral argument; the hearing calendared for July 6, 2015, is therefore
5  vacated, and the matter taken off calendar.

## I. FACTUAL BACKGROUND

### A. Facts Alleged in the Complaint

Rivas is allegedly a veteran of the United States Armed Forces and a resident at the Veteran's Home of California – West Los Angeles, a long-term healthcare facility for California veterans located at 11500 Nimitz Avenue, Los Angeles, California 90073.[7] On July 1, 2014, Officers Taufa, Traughber, Komoda, and McCarthy purportedly entered Rivas's residence and stated they were there to take him to the Veteran's Affairs ("VA") Hospital for a 72 hours psychiatric hold.[8] While defendants were in the process of transporting Rivas to the VA Hospital, they allegedly began to beat and kick him without provocation or cause.[9] Rivas asserts that as a result of the incident, his left hip and leg were seriously

---

[4] Notice of Motion and Motion to Dismiss Complaint Pursuant to Fed.R.Civ.Proc. 12(b)(6) And To Strike Portions of the Complaint Under Fed.R.Civ.Proc. 12(f) ("MTD"), Docket No. 20 (June 3, 2015). See also Reply in Support of Motion to Dismiss Complaint Pursuant to Fed.R.Civ.Proc. 12(b)(6) And To Strike Portions of the Complaint Under Fed.R.Civ.Proc. 12(f) ("MTD Reply"), Docket No. 29 (June 24, 2015).

[5] Notice of Non-Opposition to Defendants' Motion to Stay Case Pending Criminal Case ("MTS Opp."), Docket No. 24 (June 22, 2015).

[6] Plaintiff's Opposition to CHP Motion to Dismiss Plaintiff's Complaint and Motion to Strike Portions of the Complaint Opposition Re: Motion to Dismiss Complaint Pursuant to Fed.R.Civ.Proc. 12(b)(6) And To Strike Portions of the Complaint Under Fed.R.Civ.Proc. 12(f) ("MTD Opp."), Docket No. 27 (June 23, 2015).

[7] Complaint, ¶ 12.

[8] *Id.*, ¶ 13.

[9] *Id.*

2

1  injured; a rod and pin were inserted in his left leg, and he had to undergo hip replacement surgery.[10]

2  Rivas alleges that, in an attempt to cover up the attack, Officers Taufa, Traughber, Komoda, and McCarthy filed a false criminal charge asserting that the injuries Rivas sustained were caused by a traffic incident and that Rivas had unlawfully prevented the officers from fulfilling their duties.[11]

### B. State Court Proceedings

On January 2, 2015, the State of California filed a misdemeanor action in Los Angeles Superior Court charging that Rivas, *inter alia*, used threats and violence unlawfully to prevent Officers Traughber, Komoda, Taufa, and McCarthy from performing their duties.[12]  Two arraignments, on February 11 and 27, 2015, as well as a pretrial hearing on March 26, 2015, have since occurred.[13]

## II. DISCUSSION

### A. Defendants' Request for Judicial Notice

Defendants request that the court take judicial notice of the misdemeanor complaint filed in Los Angeles Superior Court on January 2, 2015, as well as the docket in that action.[14]

"Under Federal Rule of Evidence 201, the [c]ourt may take judicial notice of matters of public record if the facts are not subject to reasonable dispute." *Olds v. Metlife Home Loans*, No. SACV 12-55 JVS (RNBx), 2012 WL 10420298, *1 n. 1 (C.D. Cal. Mar. 19, 2012) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (internal quotation marks omitted)). Court orders and filings are proper subjects of judicial notice. See, e.g., *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (noting that a court "may take notice of proceedings in other courts, both within and without the federal

---

[10] *Id.*, ¶¶ 13, 23.

[11] *Id.*, ¶ 14.

[12] Request for Judicial Notice ("RJN"), Docket No. 18 (May 1, 2015), Exh. 1 at 1. Defendants request that the court take judicial notice of the misdemeanor complaint filed against Rivas in Los Angeles Superior Court. (RJN at 1.) As the court discusses *infra*, it grants defendants' request

[13] RJN, Exh. 2 at 1. Defendants also request that the court take judicial notice of the docket in the misdemeanor case currently pending before the Los Angeles Superior Court. (RJN at 1). As discussed *infra*, the court grants defendants' request.

[14] *Id.*

judicial system, if those proceedings have a direct relation to matters at issue"); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court filings); *Asdar Group v. Pillsbury, Madison & Sutro*, 99 F.3d 289, 290 n. 1 (9th Cir. 1996) (court may take judicial notice of pleadings and court orders in related proceedings); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (a court may take judicial notice "of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue"); *United States ex rel. Modglin v. DJO Global, Inc.*, 48 F.Supp.3d 1362, 1382 (C.D. Cal. 2014) ("As respects court orders and filings in other FCA cases, these documents, too, are the proper subject of judicial notice" (citations omitted)); *Farahani v. Floria*, No. 12-CV-04637 LHK, 2013 WL 1703384, *1 n. 1 (N.D. Cal. Apr. 19, 2013) ("The remaining documents submitted for judicial notice are all documents filed in previous and concurrent lawsuits, which are similarly suitable for judicial notice under Fed. R. Evid. 201(b)"). Because each of these documents is a proper subject of judicial notice, the court grants defendants' request and will consider them in deciding the pending motion.

**B. Defendants' Motion to Stay**

**1. Legal Standard for Abstention under *Younger v. Harris***

Under the doctrine first articulated in *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must abstain from hearing cases that would interfere with pending state court proceedings that implicate important state interests. *Potrero Hills Landfill, Inc. v. County of Solano*, 657 F.3d 876, 881 (9th Cir. 2011) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). The doctrine is justified by considerations of comity – "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger*, 401 U.S. at 44.

"Absent 'extraordinary circumstances,' abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Hirsh v. Justices of Supreme Court of California*, 67 F.3d 708, 712 (9th Cir. 1995) (citing *Middlesex County Ethics Commission*, 457 U.S. at

437). Even then, abstention is appropriate only where the federal action enjoins the state court proceedings or has the practical effect of doing so. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007); *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004) (en banc) ("*If* a state-initiated proceeding is ongoing, and *if* it implicates important state interests . . . , and *if* the federal litigant is not barred from litigating federal constitutional issues in that proceeding, *then* a federal court action that would enjoin the proceeding, or have the practical effect of doing so, would interfere in a way that *Younger* disapproves" (emphasis original)).

While the Supreme Court has never directly addressed the subject, the Ninth Circuit has held "that *Younger* principles apply to actions at law as well as for injunctive or declaratory relief." *Gilbertson*, 381 F.3d at 968 (reasoning that "a determination that the federal plaintiff's constitutional rights have been violated would have the same practical effect as a declaration or injunction on pending state proceedings"). "If, in a case in which the plaintiff seeks damages, the court determines that the *Younger* abstention is appropriate, it should stay the matter until the state court proceedings are concluded, rather than dismissing the action." *ScripsAmerica, Inc. v. Ironridge Global LLC*, 56 F.Supp.3d 1121, 1143 (C.D. Cal. 2014) (citing *Gilbertson*, 381 F.3d at 981-82).

### 2. Whether the Court Should Stay the Case Under *Younger v. Harris*

#### a. Ongoing State Court Proceedings

A misdemeanor criminal case against Rivas was filed in Los Angeles Superior Court on January 2, 2015, and is currently pending.[15] Under *Younger*, abstention may be required if the state proceedings were initiated 'before any proceedings of substance on the merits have taken place in the federal court.'" *M&A Gabaee v. Community Redevelopment Agency of City of Los Angeles*, 419 F.3d 1036, 1041 (9th Cir. 2005) (quoting *Polykoff v. Collins,* 816 F.2d 1326, 1332 (9th Cir. 1987)); see also *Hicks v. Miranda*, 422 U.S. 332, 349 (1975) ("[W]e now hold that where state criminal proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles of *Younger v. Harris* should apply in full force").

---

[15]MTS at 2. See also RJN Exhs. 1 and 2.

The state court action against Rivas commenced months before this case was filed in state court or removed to federal court. Specifically, it began in January 2015; this action was filed nearly three months later. Moreover, this case is still in the pleadings stage and no substantive proceedings have taken place. Accordingly, the first threshold requirement for *Younger* abstention – an ongoing state proceeding – is satisfied. See, e.g., *M&A Gabaee*, 419 F.3d at 1042 ("Because a state action was initiated with regard to the 1010 E. Slauson property before any proceedings of substance had occurred in the corresponding federal action, the district court was correct to dismiss Case No. 04–56740"); *Quesada v. City of Antioch*, No. C 08-1567 JL, 2008 WL 4104339, *1 (N.D. Cal. Aug. 29, 2008) ("In the case at bar the first requirement of *Younger* as articulated by the court in *Dubinka[ v. Judges of the Superior Court of the State of California*, 23 F.3d 218, 223 (9th Cir. 1994),] is met because it is undisputed that there are ongoing criminal proceedings against three Plaintiffs in Contra Costa County Superior Court"). Cf. *Nichols v. Brown*, 945 F.Supp.2d 1079, 1095 (C.D. Cal. 2013) ("The Court finds that the four factors requiring *Younger* abstention are present with respect to Plaintiff's claims against the Redondo Beach Defendants. First, there exists an ongoing state proceeding. Even though City of Redondo Beach did not file charges against Plaintiff until after this action, and indeed the First Amended Complaint, were filed, the first prong of the *Younger* abstention test is satisfied so long as the state court proceedings are initiated 'before any proceedings of substance on the merits have taken place in federal court.' The instant action has not progressed beyond the pleading stage. Defendants have not yet answered the FAC, no hearings have been held, and no contested substantive matter has been decided. Therefore, the first *Younger* requirement is satisfied," citing *Fresh International Corp. v. Agric. Labor Relations Board*, 805 F.2d 1353, 1358 (9th Cir. 1986));

### b. Important State Interest Implicated in State Court Proceedings

The Supreme Court has identified several circumstances in which a state's interest is sufficiently important to support abstention under *Younger*. "[T]hey include, . . . 'state criminal prosecutions,' 'civil enforcement proceedings,' and 'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (citing *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans* ("*NOPSI*"), 491 U.S. 350, 367-68 (1989)). The Court has

6

routinely stressed the importance of a state's interests in state criminal prosecutions. See, e.g., *Juidice v. Vail*, 430 U.S. 327, 345 (1977) ("Pending state criminal proceedings have always been viewed as paradigm cases involving paramount state interests"); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 600 (1975) ("[T]here ha[s] also long existed a strong judicial policy against federal interference with state criminal proceedings. We [have] recognized that this judicial policy is based in part on the traditional doctrine that a court of equity should stay its hand when a movant has an adequate remedy at law, and that it 'particularly should not act to restrain a criminal prosecution,'" quoting *Younger*, 401 U.S. at 43).

The State of California is prosecuting Rivas for violation of California Penal Code § 69,[16] based on Rivas's purported use of "threats and violence to deter and prevent" the officers from carrying out their peace officer duties.[17] The pending state court action thus implicates the state's interest in enforcing its criminal laws – an interest that qualifies as sufficiently "important" to satisfy *Younger*'s second threshold element. See, e.g., *Stoddard-Nunez v. City of Hayward*, No. 3:13-CV-4490 KAW, 2013 WL 6776189, *2 (N.D. Cal. Dec. 23, 2013) ("[T]hose proceedings, being criminal in nature, implicated important state interests, namely California's interest in prosecuting state criminal laws free from federal interference"); *Nichols*, 945 F.Supp.2d at 1096 ("Second, the pending state proceeding clearly implicates important state interests in enforcing criminal laws. 'The key to determining whether comity concerns are implicated in an ongoing state proceeding – and thus whether the second *Younger* requirement is met – is to ask whether federal court adjudication would interfere with the state's ability to carry out its basic executive, judicial, or legislative functions.' 'Where the state is in an enforcement posture in the state proceedings, the 'important state interest' requirement is easily satisfied, as the

---

[16]The California Penal Code provides:
"Every person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, such officer, in the performance of his duty, is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment pursuant to subdivision (h) of Section 1170, or in a county jail not exceeding one year, or by both such fine and imprisonment." CAL. PENAL CODE § 69.

[17]MTS at 2.

7

state's vital interest in carrying out its executive functions is presumptively at stake.' Indeed, *Younger*, which involved abstention due to a pending criminal proceeding, explicitly recognized that a state must be permitted to 'enforce . . . laws against socially harmful conduct that the State believes in good faith to be punishable under its laws and the Constitution'" (citations omitted)); *Alston v. City of Sacramento*, No. 2:12-MC-0015-MCE-CKD, 2012 WL 761979, *2 (E.D. Cal. Mar. 8, 2012) ("The second [*Younger*] criteria is met because of the state's important interest in prosecuting individuals charged with violating California Penal Code § 69"); *Francois v. Arpaio*, No. SACV 11-1089-AG OP, 2011 WL 3875356, *3 (C.D. Cal. Aug. 30, 2011) ("Arizona has an undeniable interest in prosecuting state criminal laws free from federal interference").

### i. Adequate Opportunity to Litigate Federal Claims

The third threshold requirement for *Younger* abstention examines whether plaintiffs will "be accorded . . . an opportunity to fairly pursue [their] constitutional claims in the ongoing state proceedings." *Juidice*, 430 U.S. at 337. "*Younger* requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Communications Telesystems Int'l v. California Public Utilities Commission*, 196 F.3d 1011, 1020 (9th Cir. 1999) (citing *Middlesex County Ethics Commission*, 457 U.S. at 432 ("[A] federal court should abstain 'unless state law clearly bars the interposition of the constitutional claims'")); see also *Pennzoil Co. v. Texaco, Inc*., 481 U.S. 1, 14 (1987) (holding that a federal plaintiff must show "'that state procedural law barred presentation of [his] claims'"). Thus, *Younger* abstention "presupposes the opportunity to raise and have timely decided by a competent state tribunal the federal issues involved." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973). "[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co.*, 481 U.S. at 15; *Meredith v. Oregon*, 321 F.3d 807, 818 (9th Cir. 2003) (same).

Rivas asserts a § 1983 claim alleging that defendants violated his Fourth Amendment rights under the United States Constitution.[18] Defendants contend Rivas will have an opportunity to

---

[18]Complaint, ¶ 30.

8

litigate this constitutional issue in state court during the course of his criminal prosecution.[19] The court agrees.

Whether defendants used excessive force in violation of the Fourth Amendment bears directly on the state's ability to prove its case because the officers' use of excessive force would preclude any finding that they were acting in the lawful performance of their duties. See *People v. Lopez*, 129 Cal.App. 4th 1508, 1534 (2005) ("The jury was appropriately instructed that an element of the charges of violating sections 69, 148, and 415 was that the peace officer was engaged in the performance of his or her duties and that those duties do not include employing excessive force to make an arrest," citing CAL. JURY INSTR.– CRIM. 9.29 ("A peace officer is not engaged in the performance of [his] [her] duties if [he] [she] [makes or attempts to make an unlawful [arrest] [detention]] [or] [uses unreasonable or excessive force in making or attempting to make the [arrest] [detention]]")); *People v. Madero*, No. F040585, 2003 WL 22119892, *9 (Cal. App. Sept. 15, 2003) (Unpub. Disp.) ("An officer is not engaged in the performance of his or her duties when the officer makes an unlawful arrest; an arrest is unlawful when it is made with excessive force," citing *People v. Olguin*, 119 Cal.App.3d 39, 44 (1981); *People v. White*, 101 Cal.App.3d 161, 166 (1980)).[20] As a result, Rivas may raise excessive force in the state court action as a defense to the state's criminal allegations.

Similarly, with respect to Rivas's unlawful seizure claim, whether defendants unlawfully seized, i.e., arrested/detained, Rivas directly impacts the state's ability to prove its case. This is because, as with allegations of excessive force, the fact that an officer unlawfully seized or arrested a defendant precludes a finding that he or she was acting in the lawful performance of his or her duties; if there was an unlawful seizure or arrest, Rivas cannot be guilty of violating § 69. See, e.g.,

---

[19]MTS at 2.

[20]"Although the court is not bound by unpublished decisions of intermediate state courts, unpublished opinions that are supported by reasoned analysis may be treated as persuasive authority." *Scottsdale Ins. Co. v. OU Interests, Inc.*, No. C 05-313 VRW, 2005 WL 2893865, *3 (N.D. Cal. Nov. 2, 2005) (citing *Employers Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 n. 8 (9th Cir. 2003) ("[W]e may consider unpublished state decisions, even though such opinions have no precedential value")).

*People v. Rodriguez*, No. C046583, 2009 WL 3925582, *6 (Cal. App. Nov. 19, 2009) (Unpub. Disp.) ("'A peace officer is not lawfully performing his duties if he is unlawfully arresting or detaining someone,'" quoting CAL. JURY INSTR. – CRIM. 9.29); *People v. Copas*, No. C045039, 2005 WL 737742, *3 n. 3 (Cal. App. Mar. 30, 2005) (Unpub. Disp.) (same). Thus, Rivas may assert unlawful seizure as a defense to the charges in the state court proceedings.

Because Rivas has not demonstrated that he would be barred from raising his federal claims in the state proceedings and because, as noted *supra*, his claims of excessive force and unlawful seizure can be raised as defenses to the criminal charge against him, the third *Younger* requirement is satisfied. See, e.g., *Jones v. County of Contra Costa*, No. 13-cv-05552-TEH, 2014 WL 1411205, *2 (N.D. Cal. Apr. 11, 2014) ("Regarding the third factor, Jones would have the opportunity to assert his claims in state court as part of his defense. To be found guilty of resisting an officer under California Penal Code § 69 – one of the charges against Jones – the officer must have been engaged 'in the performance of his duty' at the time. This requires that officer be engaged in the 'lawful' performance of his duties. In response to any evidence presented by the prosecutor that Jones resisted the officers, Jones could defend those allegations by claiming that the officers were not acting in 'lawful' performance because they used excessive force against him, violated equal protection and committed the other offenses that Jones alleges in his federal civil complaint. Jones would thus be able to raise his claims regarding the officers' unlawful conduct in state court, thereby satisfying the third prong" (citations omitted)); *Nichols*, 945 F.Supp.2d at 1096-97 ("Plaintiff has not established that he is or will be barred from raising federal constitutional challenges in the state proceedings. The Supreme Court has noted that 'where vital state interests are involved, a federal court should abstain unless state law clearly bars the interposition of the constitutional claims.' California courts routinely hold that federal constitutional protections apply to state misdemeanor trials. Therefore, there is no bar to Plaintiff's ability to raise a federal constitutional defense during the underlying misdemeanor proceedings. Furthermore, even if such a bar somehow existed in Plaintiff's state misdemeanor trial, to satisfy *Younger*'s third requirement, it is sufficient that federal constitutional claims may be raised during state court judicial review of the underlying proceeding. In addition, a plaintiff's failure 'to avail itself of the opportunity to litigate its constitutional claim

1  in the state forum[ ] does not demonstrate that the state forum did not provide an opportunity to
2  litigate that claim.' Therefore, the third *Younger* requirement is met" (citations omitted)); *Alston*,
3  2012 WL 761979 at *2 ("Plaintiff has not demonstrated that the California courts cannot address her
4  claims. The issues raised in Plaintiff's petition and motion for injunctive relief are properly raised
5  as defenses in the state court prosecution"); *Quesada*, 2008 WL 4104339 at *1 ("The third
6  requirement of *Younger* is also satisfied here, because, due to the fact that there are ongoing state
7  criminal proceedings against these three Plaintiffs for resisting arrest, they can raise their federal
8  claims that the officer(s') behavior was essentially unconstitutional (unjustified seizure and/or
9  excessive force under the Fourth Amendment) in the criminal cases. If the prosecutor of the Contra
10 Costa County Superior Court provides evidence that these Plaintiffs resisted arrest, Plaintiffs can
11 defend those criminal allegations by setting forth evidence that the officers unlawfully arrested them
12 and/or used unreasonable or excessive force to effect those arrests. As such, Plaintiffs will have an
13 opportunity to litigate their claims of unconstitutional behavior under the Fourth Amendment in the
14 ongoing state criminal proceedings, satisfying this third element of *Younger*"); *Voychuk v.*
15 *California*, No. 205CV2007-MCE-GGH, 2006 WL 738796, *2 (E.D. Cal. Mar. 22, 2006) ("An
16 officer using excessive force during an arrest is not engaged in the lawful performance of his duties.
17 Because there are no procedural bars to raising his claim of excessive force in the State Proceeding
18 and because Voychuk can, in fact, raise his claim of excessive force in the State Proceeding, the
19 third prong of Younger is satisfied," citing *People v. Olguin*, 119 Cal.App.3d 39, 46 (1981)).

          **ii.**    **Whether the Federal Action Would Enjoin or Have the Practical Effect of Enjoining the State Court Proceedings**

22     Having concluded that the *Younger* factors counsel abstention, the court must next decide
23 whether the "federal court action . . . would enjoin the [state court] proceeding, or have the practical
24 effect of doing so." *Gilbertson*, 381 F.3d at 978. As noted, the Ninth Circuit in *Gilbertson* concluded
25 that "*Younger* principles apply to actions at law as well as for injunctive or declaratory relief. . . ."
26 This is "because a determination that the federal plaintiff's constitutional rights have been violated
27 would have the same practical effect as a declaration or injunction on pending state proceedings."
28 *Id.* Specifically, the *Gilbertson* court held that the *Younger* abstention doctrine applies to "action[s]

11

for damages pursuant to 42 U.S.C. § 1983 in which the federal plaintiff brings a constitutional challenge to a state proceeding." *Id.* at 984.

Rivas does not seek an injunction against the state court proceedings, but instead seeks damages for defendants' purported violation of his Fourth Amendment rights under § 1983. A court ruling that defendants violated the Fourth Amendment by detaining Rivas unlawfully or using excessive force would affect the state court proceeding, in a practical manner, as if it had issue a declaration or injunction; this is because an unlawful detention or use of excessive force would operate as a defense to the misdemeanor charges under § 69. See, e.g., *Dortch v. Reid*, No. 5:14-CV-01983-CAS (VBK), 2015 WL 179791, *6 (C.D. Cal. Jan. 12, 2015) ("[A] ruling that the search of Dortch's home was unlawful would have the same practical effect as a declaration or injunction, which is precisely the result prohibited by *Younger*"); *Jones*, 2014 WL 1411205 at *3 ("Finally, regarding the fourth prong, if the Court were to hear this case, while it would not actually enjoin the state court, it would have the practical effect of unreasonably intruding on the state court case. If the Court were to proceed, it would have to evaluate whether the force used on Jones was excessive. Determining whether the force used to effect a particular seizure is excessive under the Fourth Amendment requires the Court to consider 'whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them.' 'Stated another way, [the Court] must balance the amount of force applied against the need for that force.' In evaluating the need for the officers' force, the Court would thus need to determine whether Jones resisted in any way that would justify the force used on him. Any ruling by this Court would therefore necessarily intrude on the state criminal matter also seeking to pass judgment on Jones's resistance. *Younger*'s fourth prong is therefore met because '[a]ny disposition in this civil case prior to the resolution of [the] criminal proceedings may be at odds with the outcome of the criminal proceedings, and thus tantamount to interference with the criminal case,'" citing *Stoddard-Nunez v. City of Hayward*, No. 3:13-cv-4490 KAW, 2013 WL 6776189, *4 (N.D. Cal. Dec. 23, 2013)). Cf. *Foy v. Vallejo Police Dep't*, No. CIV S-11-3262-MCE-CMK-P, 2013 WL 2303101, *2 (E.D. Cal. May 23, 2013) ("This fourth element, whether the federal court action would enjoin the state proceeding is not met. As discussed above, even if plaintiff were to prevail in this action, and it was determined that the

defendants acted improperly during the arrest by using excessive force, that would have no impact on the state criminal proceedings against plaintiff on the charges of robbery"). This element thus weighs in favor of abstention.

### iii. Exceptions to *Younger* Abstention

"In *Younger*, the Supreme Court stated that federal courts may enjoin pending state court proceedings in 'extraordinary circumstances,' such as when the statute involved is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it.'" *Dubinka v. Judges of Superior Court of State of Cal. for County of Los Angeles*, 23 F.3d 218, 225 (9th Cir. 1994) (quoting *Younger*, 401 U.S. at 53-54 (in turn quoting *Watson v. Buck*, 313 U.S. 387, 402 (1941))). In addition, "[b]ad faith prosecution or harassment make abstention inappropriate even where [the *Younger*] requirements are met." *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987) (citing *Younger*, 401 U.S. at 47-49).

The pleadings in this case do not suggest that the state court criminal prosecution was commenced in bad faith or with an intent to harass Rivas. In his opposition, Rivas does not make such an argument. Nor does he argue that the statute under which he is being prosecuted flagrantly unconstitutional or that another "extraordinary circumstance" makes abstention inappropriate. Accordingly, the court concludes that Rivas has failed to demonstrate that an exception to *Younger* applies. See, e.g., *Baffert v. California Horse Racing Board*, 332 F.3d 613, 621 (9th Cir. 2003) ("The district court declined to abstain because it concluded that the Board's prosecution was in bad faith. In the *Younger* abstention context, bad faith 'generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction.' Plaintiff cannot meet that standard. The Board had a reasonable expectation of obtaining a valid 'conviction.' . . . In the absence of any evidence of bad faith, such as bias against Plaintiff, or of a harassing motive, no exception to the application of *Younger* abstention is warranted" (citations omitted)); *Nichols*, 945 F.Supp.2d at 1096 ("The presumption of a state's vital interest in enforcing its laws is overcome 'only under extraordinary circumstances,' such as when the 'state proceeding is motivated by a desire to harass or is conducted in bad faith,' [or] the challenged provision is 'flagrantly and patently violative of express constitutional

prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it. . . .' Plaintiff does not argue that the City's charges were brought in bad faith. Indeed, Plaintiff alleges that he contacted the City to coordinate when and where he would openly carry a firearm within the City, including 'through a place which is actually covered by the plain text of your city ordinance, a park,' and that he anticipated being arrested for his actions. Furthermore, Plaintiff also impliedly concedes that section 4–35.20 would not violate 'express constitutional provisions' when applied, for example, to a person who carries a machine gun in a city park. Therefore, Plaintiff has not established the existence of any 'extraordinary circumstances' that would undermine the state's vital interest in enforcing its criminal laws" (citations omitted)).

### iv.   Conclusion as to *Younger* Abstention

In sum, there are pending state court proceedings against Rivas, such proceedings implicate an important state interest in enforcing the criminal laws, and they provide Rivas with an adequate opportunity to litigate his federal claims. Exercising jurisdiction in this case, moreover, would have the practical effect of enjoining the state court proceeding. Finally, "extraordinary circumstances" do not justify declining to abstain. Consequently, and in light of Rivas's non-opposition,[21] the court concludes that *Younger* abstention is appropriate and will stay the action.

## III. CONCLUSION

For the reasons stated, the court concludes that it is appropriate to abstain under *Younger* and stays the action pending resolution of the criminal prosecution against Rivas in state court. The parties are directed to file joint reports apprising the court of the status of the state court action every ninety (90) days and to file a notice within ten (10) days of any ruling in the state court proceeding. In light

---

[21]See Opposition at 1.

of the stay, the court denies defendants' motion to dismiss Rivas's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure as moot.

DATED: July 1, 2015

                                      MARGARET M. MORROW
                                      UNITED STATES DISTRICT JUDGE